MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone: (415) 882-7900
Facsimile: (415)882-9287
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs,
NORTHERN CALIFORNIA GLAZIERS,
ARCHITECTURAL METAL AND GLASS
WORKERS PENSION PLAN et. al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>S.F. SILVER GLASS & MIRROR, INC.<br><br>Defendants. | CASE NO. C 01-1584 SI<br><br>**REQUEST TO ISSUE WRIT OF EXECUTION, DECLARATION OF MURIEL B. KAPLAN IN SUPPORT THEREOF;**<br><br>**PROPOSED ORDER** |

I, Muriel B. Kaplan, declare under penalty of perjury that:

1. I am the attorney for the plaintiffs in the above-entitled action.

2. On February 8, 2006, within ten years last past, a Fourth Amended Judgment by Stipulation (attached hereto as Exhibit A) was entered for and on behalf of said plaintiffs and against defendant and judgment debtors, S.F. SILVER GLASS & MIRROR, INC. and Rosa Martinez, as Guarantor, in the sum of $50,185.16. It was agreed that debtor S.F. SILVER GLASS & MIRROR, INC.

and Rosa Martinez were to conditionally pay $18,672.22, conditioned on timely payment of $1,600.00 per month to plaintiffs, and on timely paying all monthly contributions to the Trust Funds during the term of stipulated payments, in a timely manner.

4. On December 7, 2005, prior to the entry of the Fourth Amended Judgment by Stipulation, a Writ of Execution was issued by the Court. Plaintiffs did not execute on the Writ, and it was returned to the Court on November 27, 2006.

5. Throughout the term of the Fourth Amended Judgment by Stipulation (hereinafter referred to as "Stipulation,") to date numerous default notices have been sent to defendant and guarantor regarding delinquent contributions and stipulated payments. Those defaults have been cured. However, as Paragraph 10 of the Stipulation requires that defendant stay current in contributions owed to the Trust Fund, on or about October 25, 2006, and again on November 21, 2006, plaintiffs sent notices of default to defendant, for unpaid August and September 2006 contributions. Defendant and guarantor have failed to cure the default.

6. Paragraph 11 of <u>Exhibit A</u> provides that in the event of default, defendant is required to pay the entire balance due on the Stipulation ($50,185.16 less principal payments received by plaintiffs), plus additional amounts incurred under the terms of the Stipulation. Paragraph 12 expressly provides that any unpaid current contributions will become additional amounts due under the Judgment, together with interest, and liquidated damages of 20%.

7. Defendant was required, pursuant to the terms of the Stipulation, to remain current beginning with contributions owed in December 2005. December 2005, January and February 2006 contributions were paid in a timely manner, however March through July 2006 contributions were paid late incurring 20% liquidated damages and interest. As shown in plaintiffs' administrative summary of

defendant's account, attached hereto as Exhibit B, defendant has a balance due for hours reported for the month of August 2006, and has reported September and October, 2006 hours worked but failed to make any payment. Contributions for October 2006 hours worked were due on November 15, 2006, and will be delinquent unless received by November 30, 2006. As provided in the Stipulation, paragraph 10, liquidated damages have accrued at 20% on late and unpaid contributions during the Stipulation period for March, May and July through September 2006, as shown on Exhibit B to total $6,180.14. Interest has similarly accrued through November 30, 2006 at 5% per annum until paid in accordance with Trust policy, as shown on Exhibit B, totaling $175.82 (calculated through November 30, 2005 for March through September's late and unpaid contributions). The total of contributions, liquidated damages and interest now due through November 30, 2005, as shown on Exhibit B is as follows:

| | |
|---|---|
| Contributions (8/06 – 10/06): | $17,774.87 |
| Liquidated damages: | $, 6,180.14 |
| Interest at 5%: (to 11/30/06, then @ $2.43 per diem) | $ 175.82 |
| **TOTAL:** | $24,130.83 |

8. In addition to the above additional delinquencies in violation of the Stipulation, the following amounts remain due under the terms of the Stipulation:

| | |
|---|---|
| Principal Balance due under Stipulation: (to 11/22/06) | $ 3,063.79 |
| Interest at 5%: (to 11/30/06, then @ $.42 per diem) | $ 3.36 |
| Attorneys Fees (1/27/06 - 11/17/06) | $ 1,328.25 |
| Conditionally Waived Liquidated Damages: | $32,634.65 |
| **TOTAL:** | **$33,992.31** |

9. As stated above, Exhibit A requires, at paragraph 12, that defendant pay all reasonable attorneys fees and costs incurred in connection with collection of amounts owed under the Judgment.

Attorneys fees totaling $1,328.25 (January 27, 2006 through November 17, 2006) were incurred following defendant's ongoing defaults (shown as "date paid" in Exhibit B), requiring correspondence and conferences with defendant, clients and plaintiffs' administrator and in preparation of ongoing default notices and preparation of writ requests prior to defendant's cures, in reviewing this request, and responding to defendant's telephone calls.

I personally have spent 3.0 hours from January 27, 2006 through June 30, 2006, when my time was billed at the rate of $170.00 per hour, in the amount of $510.00, and 1.5 hours from July 1, 2006 through November 17, 2006, when my time was billed at the rate of $180.00 per hour, in the amount of $270.00. Together these fees total $780.00.

Michele R. Stafford, an associate of Saltzman and Johnson has spent .4 hours from January 27, 2006 through June 30, 2006, when her time was billed at the rate of $165.00 per hour in the amount of $66.00, and .6 hours from July 1, 2006 through November 17, 2006, when her time was billed at the rate of $175.00 per hour, totaling $105.00. Together these fees total $171.00.

I am informed and believe that the paralegal employed by this law firm, Tamra Brown, spent 1.1 hours from January 27, 2006 through June 30, 2006 in connection with the above stated activities regarding this matter, at the rate of $97.50 per hour in the amount of $107.25, and 2.7 hours from July 1, 2006 through November 17, 2006, when her time was billed at the rate of $100.00 per hour, in the amount of $270.00. The attorneys fees reasonably incurred by Ms. Brown therefore total $377.25.

The additional attorneys fees reasonably incurred by plaintiffs from January 27, 2006 through November 17, 2006 total **$1,328.25.**

10. The total amount now owed by defendant is as follows:

| | | |
|---|---|---|
| Contributions | (8/06 - 9/06): | $17,774.87 |
| Liquidated Damages @ 20% | (3/06 – 9/06) | $ 6,180.14 |
| 5% Interest: | (to 11/30/06, then @ $2.43 per diem) | $ 175.82 |
| Balance due under Stipulation: | | $ 3,063.79 |
| Conditionally Waived Liquidated Damages: | | $32,634.65 |
| 5% Interest | (to 11/30/06, then @ $.42 per diem) | $ 3.36 |
| Attorneys Fees | (1/27/06 – 11/17/06) | $ 1,328.25 |
| | **TOTAL:** | $61,160.88 |

11. The Stipulation at paragraph 15 provides that Rosa Martinez, president of S.F. Silver Glass & Mirror, Inc., personally guarantees the payment of amounts owed by defendant to plaintiffs. The Writ therefore names both S.F. Silver Glass & Mirror, Inc., and Rosa Martinez.

12. An original Writ of Execution is enclosed herein for issuance by the Court. A copy of that Writ is attached hereto as <u>Exhibit C</u>.

WHEREFORE, it is prayed that a Writ of Execution be promptly issued for the amount of $61,160.88, plus 5% per annum interest currently at the rate of $2.85 per diem until paid and that the Court retain jurisdiction over this matter.

Dated: November 27, 2006　　　　SALTZMAN & JOHNSON LAW CORPORATION

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Muriel B. Kaplan
　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

### ORDER

Let a Writ of Execution be issued in favor of plaintiffs and against judgment debtors S.F. Silver Glass & Mirror, Inc., and Rosa Martinez, in the sum of $61,160.88, plus interest at the rate of

of $2.85 per diem beginning December 1, 2006 until date of satisfaction of judgment. This matter shall remain under this court's jurisdiction.

Dated: 11/29/06

*Susan Illston*
Susan Illston
United States District Court Judge

MURIEL B. KAPLAN, ESQ. (SBN: 124607)
MICHELE R. STAFFORD, ESQ. (SBN: 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
email@sjlawcorp.com

Attorneys for Plaintiffs
NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL
METAL AND GLASS WORKERS PENSION PLAN, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> S.F. SILVER GLASS & MIRROR, INC., <br><br> Defendant. | Case No.: C-01-1584 SI <br><br> **FOURTH AMENDED JUDGMENT PURSUANT TO STIPULATION** |

**IT IS HEREBY STIPULATED**, by and between the parties hereto, that a Fourth Amended Judgment in the within action may be entered in favor of the plaintiffs and against defendant S.F. SILVER GLASS & MIRROR, INC., as follows:

1. Pursuant to a Third Amended Judgment Pursuant to Stipulation, defendant was indebted to plaintiffs in the amount of $79,182.41 plus interest, and was to conditionally obtain a waiver of up to $23,632.38 in liquidated damages, upon approval of Trustees if conditions for such waiver were met. Defendant made fourteen (14) payments, reducing the conditional amount to be

-1-
FOURTH AMENDED JUDGMENT
PURSUANT TO STIPULATION
Case No.: C 01-1584 SI

P:\CLIENTS\GLACL\SILV4\Pleadings\FOURTH Amended Judgment Pursuant to Stipulation 013006.wpd

EXHIBIT A-1

paid to $1,116.94, but failed to pay the balances due to complete the conditional payments, and failed to meet the conditions for waiver of up to $23,632.38 in liquidated damages.

2. Defendant wishes to enter into this Fourth Amended Judgment Pursuant to Stipulation to include all amounts owed to plaintiffs.

3. Defendant is now indebted to plaintiffs in the total amount of $51,226.19 as follows:

Third Amended Judgment

| | | | |
|---|---|---|---|
| Conditional Balance | | | $1,116.94 |
| 6% Interest | 8/3/05-2/19/06 | | $36.72 |
| Liquidated Damages | 4/01-6/02 | | $21,760.85 |
| | 11/03-4/04 | | $1,121.53 |
| Contributions | 10/05 | $4,017.66 | |
| | 11/05 | 4,345.05 | |
| | | | $8,362.71 |
| 20% Liquidated Damages | 5/04-11/05 | | $9,752.27 |
| 6% Per Annum Interest | 11/03-4/04 | $107.52 | |
| | 5/04-11/05, to 1/7/06 | 261.12 | |
| | | | $368.64 |
| Attorneys Fees | 6/5/04 - 1/26/06 | | $7,665.50 |
| **TOTAL** | | | **$50,185.16** |

Defendant shall conditionally pay **$18,672.22 plus interest** which represents the total due, less the liquidated damages specified herein, and addressed hereafter in Paragraph 10.

4. Beginning on **February 20, 2006** and on the **twentieth (20th)** day of each month thereafter for a period of twelve (12) months, defendant shall pay a total of **$1,600.00** per month to plaintiffs, made payable to "Glaziers Trust Funds." In the event that any payment does not clear the bank, or cannot be negotiated by the bank for any reason, this will be considered to be a default under this Judgment. In the event of a default for this reason, and if any future payments are accepted by plaintiffs to cure this default, **all such payments will be made by cashier's check.**

5. Defendant may increase the total monthly payment at any time. Payments shall be timely received by plaintiffs' counsel, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, California 94105, or such other address as plaintiffs from time to time

-2-
FOURTH AMENDED JUDGMENT
PURSUANT TO STIPULATION
Case No.: C 01-1584 SI

specify.

6. Interest on the unpaid balance shall accrue and be applied first from all stipulated payments made, at the rate of 5% per annum.

7. Defendant's final stipulated payment made on or before <u>January 20, 2007</u>, shall include any additional amounts incurred under this Judgment. Plaintiffs will advise defendant of the amount due prior to that date.

8. Prior to the January 20, 2007 payment of the amounts due under Paragraph 4 above, and upon payment of all contributions due under Paragraph 11 below through hours worked in December 2006, defendant may make written request to plaintiff Trustees for waiver of any liquidated damages due and owing, citing the cause for the delinquencies for which liquidated damages were incurred. Such request should be sent to plaintiffs' counsel who will advise defendant of that determination.

9. For any liquidated damages <u>not</u> waived, defendant shall continue to make monthly payments of $1,500.00 as stated above, until this judgment is satisfied. In that event, all terms stated herein shall continue in effect until all amounts due are paid.

10. Beginning with report and contributions due for hours worked by defendant's employees during **December 2005, to be received by Saltzman & Johnson Law Corporation on or before January 31, 2006**, and for every month thereafter until this Judgment is satisfied, defendant shall remain current in monthly contributions to plaintiffs as required under the current collective bargaining agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust. Failure by defendant to remain current in contributions shall constitute a default of the obligations under this Stipulation and the provisions of Paragraph 11 shall apply. Any unpaid current contributions shall be added to and become additional amounts due under this Judgment, together with 5% per annum interest and liquidated damages calculated at 20% of unpaid contributions in connection with this litigation. Plaintiffs reserve all rights available under the applicable collective bargaining agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

11. In the event that defendant fails to make any payment required above and, if after

-3-
FOURTH AMENDED JUDGMENT
PURSUANT TO STIPULATION
Case No.: C 01-1584 SI

A-3

seven (7) days from the date plaintiffs make written demand to defendant for any such payment, such payment remains delinquent, then,

  A. The entire balance of $50,185.16, less principal payments received by plaintiffs, but including any additional amounts incurred under the terms of this Judgment, shall then be due immediately.

  B. Defendant waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by defendant and the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

  C. In the event of the filing of any bankruptcy petition by defendant, the parties agree that any payments made by defendant pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of defendant's business as provided under 11 U.S.C. Section 547(c)(2), and shall not be claimed by defendant as a preference under 11 U.S.C. Section 547 or otherwise.

12. Defendant shall pay all additional and reasonable costs and attorneys fees incurred by plaintiffs in connection with collection of the amounts owed by defendant to plaintiffs under this Judgment.

13. It is further stipulated and agreed that Rosa Martinez ("Martinez"), president of defendant S.F. Silver Glass & Mirror, Inc., shall personally guarantee payment of the amounts owed by defendant to the plaintiffs, under the terms of this Stipulation. In consideration of the terms of this Stipulation, defendant, and Martinez individually, submit herein to the jurisdiction of this Court and stipulate to the terms set forth herein for any additional payments due to plaintiffs pursuant to this Stipulation herein.

14. Any failure on the part of the plaintiffs to take any action against defendant or Martinez as provided herein in the event of any breach of the provisions of this Judgment by the defendant, shall not be deemed a waiver of those actions or of any subsequent breach by the defendant of any provisions herein.

A-4

15. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of entry of this Stipulated Judgment. Defendant specifically waives the defense of the doctrine of *res judicata* in any such action.

Dated: January 31, 2006                          S.F. SILVER GLASS & MIRROR, INC.

                                                 By:     _____/s/_____

Dated: January 31, 2006                          ROSA MARTINEZ, Individually

                                                 By:     _____/s/_____
                                                         Title:  Guarantor

Dated January 31, 2006                           SALTZMAN & JOHNSON
                                                 LAW CORPORATION

                                                 By:     _____/s/_____
                                                         Muriel B. Kaplan
                                                         Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated:_____                             _____
                                                 UNITED STATES DISTRICT COURT JUDGE

-5-
FOURTH AMENDED JUDGMENT
PURSUANT TO STIPULATION
Case No.: C 01-1584 SI

P:\CLIENTS\GLACL\SILV4\Pleadings\FOURTH Amended Judgment Pursuant to Stipulation 013006.wpd

A-5

GLAZIERS & GLASSWORKERS  
#0082391 - Silver Glass & Mirror  
2401A Bush Street  
San Francisco, CA 94115

FN:\GLAZIERS\DELINQUENCIES\silver 2005

27-Nov-2006

Calculated through: 30-Nov-2006

Interest (eff. 1/1/05): 5.00%

Liquidated Damages: 20.00%

Local 718

| WORKED | DUE | CONTRIB. DUE | AMOUNT PAID | DATE PAID | CONTRIB. OUTSTAND. | LIQUIDATED DAMAGES | DAYS DELINQUENT | INTEREST DUE | TOTAL INT & CONT. |
|---|---|---|---|---|---|---|---|---|---|
| Dec-2005 | 15-Jan-2006 | 3,952.67 | 3,952.67 | 31-Jan-2006 | 0.00 | 0.00 | 0 | 0.00 | |
| Jan-2006 | 15-Feb-2006 | 3,099.76 | 3,099.76 | 28-Feb-2006 | 0.00 | 0.00 | 0 | 0.00 | |
| Feb-2006 | 15-Mar-2006 | 4,057.03 | 4,057.03 | 31-Mar-2006 | 0.00 | 0.00 | 0 | 0.00 | |
| Mar-2006 | 15-Apr-2006 | 4,814.28 | 4,814.28 | 01-May-2006 | 0.00 | 962.86 | 16 | 10.55 | |
| Apr-2006 | 15-May-2006 | 5,456.69 | 5,456.69 | 31-May-2006 | 0.00 | 0.00 | 0 | 0.00 | |
| May-2006 | 15-Jun-2006 * | 5,865.22 | 5,865.22 | 03-Jul-2006 | 0.00 | 1173.04 | 18 | 14.46 | |
| Jun-2006 | 15-Jul-2006 * | 5,655.53 | 5,655.53 | 31-Jul-2006 | 0.00 | 0.00 | 0 | 0.00 | |
| Jul-2006 | 15-Aug-2006 | 775.04 | 775.04 | 03-Jul-2006 | 0.00 | 155.01 | 0 | 0.00 | Applied 5/06 credit |
| | | 778.50 | 778.50 | 31-Jul-2006 | 0.00 | 155.70 | 0 | 0.00 | Applied 6/06 credit |
| | | 4,866.98 | 4,866.98 | 23-Oct-2006 | 0.00 | 973.40 | 69 | 46.00 | |
| Aug-2006 | 15-Sep-2006 | 1,973.57 | 1,973.57 | 23-Oct-2006 | 0.00 | 394.71 | 38 | 10.27 | 8/06 payment re-allocated to 7/06. |
| | | 4,866.98 | 0.00 | | 4,866.98 | 973.40 | 76 | 50.67 | |
| Sep-2006 | 15-Oct-2006 | 6,960.14 | 0.00 | | 6,960.14 | 1392.03 | 46 | 43.86 | |
| Oct-2006 | 15-Nov-2006 | 5,947.75 | 0.00 | | 5,947.75 | | 15 | | |
| TOTAL | | 59,070.14 | 41,295.27 | | 17,774.87 | 6,180.14 | | 175.82 | 17,950.69 |

GRAND TOTAL DUE: $24,130.83

*5/06: S. Okanovic, 90% Comb Glz, was paid as 82% Appr. Overpayment= 112hrs x ($14.45-$7.53) = $775.04.  
*6/06: S. Okanovic, 90% Comb Glz, was paid as 82% Appr. Overpayment= 112.5hrs x ($14.45-$7.53) = $778.50.

EXHIBIT B