1  MURIEL B. KAPLAN, ESQ. (SBN: 124607)
2  MICHELE R. STAFFORD, ESQ. (SBN: 172509)
   SALTZMAN & JOHNSON LAW CORPORATION
3  120 Howard Street, Suite 520
   San Francisco, CA  94105
4  Telephone:  (4l5) 882-7900
   Facsimile:  (415) 882-9287
5  mkaplan@sjlawcorp.com
6  mstafford@sjlawcorp.com

7  Attorneys for Plaintiffs
   NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL
8  METAL AND GLASS WORKERS PENSION PLAN, et al.

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  NORTHERN CALIFORNIA GLAZIERS,          Case No.: C-01-1584 SI
    ARCHITECTURAL METAL AND GLASS
14  WORKERS PENSION PLAN, et al.,
                                           **SIXTH AMENDED JUDGMENT
15                                         PURSUANT TO STIPULATION**
          Plaintiffs,
16
17     v.

18  S.F. SILVER GLASS & MIRROR, INC.,

19
          Defendant.
20

21        **IT IS HEREBY STIPULATED**, by and between the parties hereto, that a Sixth

22  Amended Judgment in the within action may be entered in favor of the plaintiffs and against

23  defendant S.F. SILVER GLASS & MIRROR, INC., as follows:

24        Pursuant to a Fifth Amended Judgment Pursuant to Stipulation, defendant was indebted

25  to plaintiffs in the amount of *$61,299.85* plus interest. Defendant made payments which reduced

26  the principal amount to *$10,823.11*, plus interest, attorneys fees, and liquidated damages subject

27  to a conditional waiver. Defendant failed to pay the balances due to complete those payments,

28  and failed to meet the conditions for waiver of the additional *$31,512.94* due in liquidated

P:\CLIENTS\GLACL\SILV7\Pleadings\C01-1584 SI - Sixth Amended Judgment Pursuant to Stipulation 112907.doc

damages. Defendant subsequently failed to pay contributions due for April 2007 through September 2007 hours worked, some of which was paid by plaintiffs' levy of defendant's contractor. An additional *$18,483.69* was found due on audit of defendant's records for the period July 1, 2003 through June 30, 2006.

2.      Defendant wishes to enter into this Sixth Amended Judgment Pursuant to Stipulation to include all amounts owed to plaintiffs.

3.      Defendant is now indebted to plaintiffs in the total amount of *$65,961.24* as follows:

Sixth Amended Judgment

| | |
|---|---|
| Contributions (7/07-9/07) | *$6,851.91* |
| Interest (11/06-9/07) | *$990.86* |
| 20% Liquidated damages (4/01-9/07) | *$51,039.21* |
| | *$58,881.98* |
| | |
| Attorneys fees (11/21/06-11/26/07) | *$8,495.75* |
| Costs (levies) | *$570.50* |
| Audit (7/1/03-6/30/06) (including liquidated damages, interest and testing fees) | *$18,483.69* |
| Payment balance from Swinerton's $14,677.20 | *(8,945.11)* |
| **TOTAL:** | *$77,486.81* |

Defendant shall *conditionally* pay *$26,447.60* **plus interest** which represents the total due, less the liquidated damages through September 2007 (*$51,039.21*) and under the prior judgments.

4.      Beginning on **November 15, 2007** and on the **fifteenth (15ᵗʰ)** day of each month thereafter for a period of twelve (12) months, defendant shall pay a total of *$2,301.00* per month to plaintiffs, made payable to "Glaziers Trust Funds." Any payment that does not clear the bank, or cannot be negotiated by the bank for any reason, shall be considered a default under

this Judgment.  In that event, and if payments are accepted by plaintiffs to cure such default, **all future stipulated payments shall be made by cashier's check only, for the balance of the payment period and until the judgment is satisfied.**

5.     Defendant may increase the total monthly payment at any time. Payments shall be <u>timely received</u> by plaintiffs' counsel, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, California 94105, or such other address as plaintiffs from time to time specify.

6.     Interest on the unpaid balance shall accrue and be applied first from all stipulated payments made, at the rate of 8% per annum.

7.     Defendant's final stipulated payment made on or before <u>October 15, 2008</u>, shall include any additional amounts incurred under this Judgment. Plaintiffs will advise defendant of the amount due prior to that date.

8.     Prior to the October 15, 2008 payment of the amounts due under Paragraph 4 above, and upon payment of all contributions due under Paragraph 10 below through hours worked in August 2008, defendant may make written request to plaintiff Trustees for waiver of any liquidated damages due and owing, citing the cause for the delinquencies for which liquidated damages were incurred.  Such request should be sent to plaintiffs' counsel who will advise defendant of that determination.

9.     For any liquidated damages <u>not</u> waived, defendant shall continue to make monthly payments of *$2,301.00* as stated above, until this judgment is satisfied.  In that event, all terms stated herein shall continue in effect until all amounts due are paid.

10.     Beginning with report and contributions due for hours worked by defendant's employees during **October 2007, to be received by Saltzman & Johnson Law Corporation on or before November 30, 2007**, and for every month thereafter until this Judgment is

P:\CLIENTS\GLACL\SILV7\Pleadings\C01-1584 SI - Sixth Amended Judgment Pursuant to Stipulation 112907.doc

satisfied, defendant shall remain current in monthly contributions to plaintiffs as required under the current collective bargaining agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust. Failure by defendant to remain current in contributions shall constitute a default of the obligations under this Stipulation and the provisions of Paragraph 12 shall apply. Any unpaid current contributions shall be added to and become additional amounts due under this Judgment, together with 8% per annum interest and liquidated damages calculated at 20% of unpaid contributions in connection with this litigation. Plaintiffs reserve all rights available under the applicable collective bargaining agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

11. In the event that defendant fails to make any payment required above and, if after seven (7) days from the date plaintiffs make written demand to defendant for any such payment, such payment remains delinquent, then,

a. The entire balance of *$77,486.81*, less principal payments received by plaintiffs, but including any additional amounts incurred under the terms of this Judgment, shall then be due immediately.

b. Defendant waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by defendant and the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution, without prior notice to Defendant of any request for such writ.

c. In the event of the filing of any bankruptcy petition by defendant, the parties agree that any payments made by defendant pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of defendant's business as provided under

11 U.S.C. Section 547(c)(2), and shall not be claimed by defendant as a preference under 11 U.S.C. Section 547 or otherwise.

12.     Defendant shall pay all additional and reasonable costs and attorneys fees incurred by plaintiffs in connection with collection of the amounts owed by defendant to plaintiffs under this Judgment.

13.     It is further stipulated and agreed that Rosa Martinez ("Martinez"), president of defendant S.F. Silver Glass & Mirror, Inc., shall personally continue to guarantee payment of the amounts owed by defendant to the plaintiffs, under the terms of this Stipulation. In consideration of the terms of this Stipulation, defendant, and Martinez individually, submit herein to the jurisdiction of this Court and stipulate to the terms set forth herein for any additional payments due to plaintiffs pursuant to this Stipulation.

14.     Any failure on the part of the plaintiffs to take any action against defendant or Martinez as provided herein in the event of any breach of the provisions of this Judgment by the defendant, shall not be deemed a waiver of those actions or of any subsequent breach by the defendant of any provisions herein.

15.     Plaintiffs specifically reserve all rights to bring a subsequent action against defendant and guarantor for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of entry of this Fifth Amended Stipulated Judgment. Defendant and Martinez specifically waive the defense of the doctrine of *res judicata* in any such action.

Dated: November 29, 2007                    S.F. SILVER GLASS & MIRROR, INC.


By:_____/s/_____


Dated: November 29, 2007                    ROSA MARTINEZ, Individually

P:\CLIENTS\GLACL\SILV7\Pleadings\C01-1584 SI - Sixth Amended Judgment Pursuant to Stipulation 112907.doc

By:_____/s/_____
        Title: Guarantor

Dated: December 4, 2007          SALTZMAN & JOHNSON
                                 LAW CORPORATION


                                 By:_____/s/_____
                                        Muriel B. Kaplan
                                        Attorneys for Plaintiffs


IT IS SO ORDERED.


Dated:_____        _____
                                 UNITED STATES DISTRICT COURT JUDGE

P:\CLIENTS\GLACL\SILV7\Pleadings\C01-1584 SI - Sixth Amended Judgment Pursuant to Stipulation 112907.doc